UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Joseph D. Pignato,
Brentwood, New Hampshire
                    Plaintiff


                    v.

Tufts Medical Center, Inc.
And
Jane and John Doe
                    Defendants

## VERIFIED COMPLAINT

**The Parties**

1.      Joseph Pignato is a resident of Brentwood, New Hampshire, residing at 337 Middle Road, Brentwood, New Hampshire, 03833.  Mr. Pignato has resided in Brentwood, New Hampshire at all times relevant to this complaint.

2.      Tufts Medical Center, Inc. is a Massachusetts corporation with a principal place of business at 800 Washington Street, Boston, Massachusetts 02111.

3.      Jane and John Doe are unidentified nursing staff and other employee of Tufts Medical Center, Inc.  Upon information and belief, Jane and John Doe are residents of Massachusetts.

**JURISDICTION**

4.      There is complete diversity among the parties as required by 28 USC §1332(a).

5.      The amount in controversy exceeds $75,000 as required by 28 USC §1332(a)(1).

**STATEMENT OF FACTS**

6.      On March 19, 2011, Mr. Pignato was admitted to the Floating Hospital for

Children at Tufts Medical Center for surgery on a small bowel obstruction.

7.      Following the surgery, on or about the evening of March 22, 2011, Mr. Pignato

was recovering in the Intensive Care Unit within the Floating Hospital.

8.      In an abundance of caution, Mr. Pignato's family had alerted the hospital's staff

that he had recently had surgery on his right shoulder and to be careful when moving or placing

Mr. Pignato in his hospital bed.  In fact, Mr. Pignato's family had posted notes in his room

informing the hospital staff of his condition.

9.      That night while he was asleep in the ICU, Mr. Pignato fell from his hospital bed

and landed on his right shoulder.  The rails to Mr. Pignato's bed were left in the down position,

causing Mr. Pignato to fall from his bed while he was asleep.

10.     The fall caused Mr. Pignato to suffer a massive rotator cuff tear to his right

shoulder, which had recently recovered from surgery performed one month prior.

11.     A subsequent evaluation of Mr. Pignato's right shoulder by his orthopaedic

surgeon revealed near pseudo-paralysis of his arm and crepitation throughout.  An MRI of the

shoulder MRI revealed a large recurrent full-thickness retracted cuff tear with portions of acute

muscle sprain throughout the right side, complex capsulitis and bursitis, a frayed irregular

superior labrum, multifactorial lateral arch stenosis and medial arch stenosis in a pattern

consistent with outlet-related cuff impingement.

12.     The injuries to Mr. Pignato's right shoulder were the direct result of the fall from

his hospital bed at the Tufts Medical Center.

2

13.     The injuries to the shoulder require that Mr. Pignato undergo a right shoulder arthroscopy with a suprascapular nerve decompression and a reverse shoulder arthroplasty.

14.     The injuries to Mr. Pignato's shoulder have caused severe and significant pain and suffering, loss of the use of his right arm, emotional distress, sleepless nights and past and anticipated medical expenses.

COUNT I

TUFTS MEDICAL CENTER, INC.
MEDICAL NEGLIGENCE

15.     Mr. Pignato incorporates, by reference, each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

16.     In a plea of the case, for that the Tufts Medical Center owed duties to all patients who used its facilities to use reasonable care in the preparation and performance of its facilities for the provision of medical services and the safe recuperation from such medical services.

17.     Defendants breached its duties on several occasions, including:

a)      failing to properly train and supervise its staff members to ensure the safe and proper recuperation of Mr. Pignato while he slept in the Intensive Care Unit following surgery;

b)      failing to sufficiently monitor Mr. Pignato's care while he recuperated from surgery;

c)      failing to properly staff nurses and other personnel in the Intensive Care Unit at levels, schedules and rotations necessary to ensure the safety of its patients;

d)      failing secure and lock Mr. Pignato's bed rails within the Intensive Care Unit while he was asleep and recovering from a bowel resection, and failing to monitor Mr. Pignato's condition and safety precautions while he was in the hospital's care.

18.     Defendants knew or should have known that Mr. Pignato had recently had surgery on his right shoulder.

3

19.     Defendants' breach of the standard of care caused Mr. Pignato to suffer severe pain and suffering, emotional distress and past and future medical expenses associated with the diagnosis and treatment of the Plaintiff's right shoulder injury, as well as the necessary and anticipated right shoulder arthroscopy, suprascapular nerve decompression and reverse shoulder arthroplasty, together with physical therapy and rehabilitation.

COUNT II

JANE AND JOHN DOE
MEDICAL NEGLIGENCE

20.     Mr. Pignato incorporates, by reference, each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

21.     In a plea of the case, for that Jane and John Doe, owed a duty to use reasonable care in the services provided to their patients in the Intensive Care Unit of the Floating Hospital at Tufts Medical Center.

22.     Defendants breached that duty by failing to secure and lock Mr. Pignato's bed rails within the Intensive Care Unit while he was asleep and recovering from a bowel resection, and failing to monitor Mr. Pignato's condition and safety precautions while he was in the hospital's care.

23.     Defendants knew or should have known that Mr. Pignato had recently had surgery on his right shoulder.

24.     Defendants' breach of the standard of care caused Mr. Pignato to suffer severe pain and suffering, emotional distress and past and future medical expenses associated with the diagnosis and treatment of the Plaintiff's right shoulder injury, as well as the necessary and anticipated right shoulder arthroscopy, suprascapular nerve decompression and reverse shoulder arthroplasty, together with physical therapy and rehabilitation.

4

## COUNT III

### TUFTS MEDICAL CENTER, INC.
### RESPONDEAT SUPERIOR

25.     Mr. Pignato incorporates, by reference, each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

26.     Defendant Tufts Medical Center, Inc. employed the hospital staff attending to and caring for Mr. Pignato while he recuperated from surgery in the Intensive Care Unit at the Floating Hospital.

27.     The hospital staff, including Jane and John Doe, acted within the scope of their employment while attending to and caring for Mr. Pignato on the evening of March 22, 2011.

28.     The hospital staff, including Jane and John Doe, owed a duty to use reasonable care in the services provided to their patients in the Intensive Care Unit of the Floating Hospital at Tufts Medical Center.

29.     Defendants breached that duty by failing to secure and lock Mr. Pignato's bed rails within the Intensive Care Unit while he was asleep and recovering from a bowel resection, and failing to monitor Mr. Pignato's condition and safety precautions while he was in the hospital's care.

30.     Defendants knew or should have known that Mr. Pignato had recently had surgery on his right shoulder.

31.     Defendants' breach of the standard of care caused Mr. Pignato to suffer severe pain and suffering, emotional distress and past and future medical expenses associated with the diagnosis and treatment of the Plaintiff's right shoulder injury, as well as the necessary and anticipated right shoulder arthroscopy, suprascapular nerve decompression and reverse shoulder arthroplasty, together with physical therapy and rehabilitation.

5

The Plaintiff demands a trial by Jury.

WHEREFORE, Plaintiff prays that this Honorable Court:

A.   Schedule a jury trial of Plaintiff's complaint

B.   Allow such damages as may be awarded to the Plaintiff by such jury; and

C.   For such other relief as may be just and equitable.

Respectfully submitted,

Joseph D. Pignato

By his attorney,

Dated: March 6, 2014

/s/ Patrick E. Donovan, Esq.
Law Office of Patrick E. Donovan, PLLC
By:  Patrick E. Donovan, Esquire
NH Bar No. 8532
23 Main Street
Salem, NH   03079
TEL:   (603) 893-1177
FAX:   (603) 893-5553
pdonovan@donovanlaw.com

6

## **VERIFICATION**

I hereby verify that the facts alleged in the foregoing Writ are true and correct to the best of my knowledge and belief.

_____
Joseph D. Pignato

State of New Hampshire
County of Rockingham

On this ⟨5⟩ day of March, 2014, personally appeared before me the above-named Joseph D. Pignato, and made oath that the foregoing assertions set for in this Writ are true and correct to the best of his knowledge and belief.

Date:

_____
Notary Public/Justice of the Peace
My commission expires:

LEANNE M. CRYTS
Justice of the Peace - New Hampshire
My Commission Expires February 8, 2017

7